# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **SHARON TURNER and Fictitious Plaintiffs A–C being any other person or legal entity who or which may have a claim as set forth in paragraph 2 hereof, all of whose names are unknown but will be added by amendment when ascertained, separately and severally,** ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, ) ) | **CASE NO.:  10-cv-344** |
| v. ) ) | |
| **METROPOLITAN LIFE INSURANCE COMPANY, WEST FRASER, INC., AUTOMATIC DATA PROCESSING, INC., and Fictitious Defendants A–D being those persons, firms, partnerships, corporations, or other legal entities who or which are liable to Plaintiffs as set forth in paragraph 5 hereof, all of whose names and true legal identities are unknown to Plaintiffs but who will be added by amendment when ascertained, separately and severally,** ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **(Removed from the Circuit Court of Mobile County, Alabama, No. 02-CV-2010-901253.00)** |
| Defendants. ) | |

3/239805.2

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 & 1446, Defendant Metropolitan Life Insurance Company ("MetLife") gives notice of its removal of this action from the Circuit Court of Mobile County, Alabama, where it is now pending, to the United States District Court for the Southern District of Alabama, Southern Division. MetLife states the following as grounds for this removal.

1.   On June 4, 2010, Plaintiff Sharon Turner filed this action against Defendants MetLife, West Fraser, Inc., and Automatic Data Processing, Inc. in the Circuit Court of Mobile County, Alabama. A copy of Turner's complaint, along with "a copy of all process, pleadings, and orders" served upon MetLife (28 U.S.C. § 1446(a)), is attached as Exhibit 1.

2.   Defendant MetLife was served with process in this action on June 7, 2010. *See* Ex. 1, Return of Service. Defendant West Fraser was served on June 7, 2010. *See id.* There is a return of service for Defendant Automatic Data Processing dated June 10, 2010. *See id.* This removal is timely under 28 U.S.C. § 1446(b) because MetLife filed this notice within 30 days of service on the last-served defendant. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344,

347–48 (1999); *Bailey v. Janssen Pharmaceutica*, 536 F.3d 1202, 1203, 1209 (11th Cir. 2008).

3.This action could have been brought originally in this Court under 28 U.S.C. § 1332(a) because it is a civil action between parties whose citizenship is completely diverse, and the amount in controversy exceeds $75,000. This action is properly removable under 28 U.S.C. § 1441(a)–(b).

4.The citizenship of the parties is completely diverse. Plaintiff Sharon Turner is a citizen of Alabama. *See* Ex. 1 Compl. ¶ 1.  No Defendant is a citizen of Alabama. Defendant MetLife is a New York corporation with its principal place of business in New York, New York. *See id.* ¶ 3. MetLife is thus a citizen of New York under 28 U.S.C. § 1332(c)(1). *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). Defendant West Fraser is a Delaware corporation with its principal place of business in Germantown, Tennessee. *See* Ex.1 Compl. ¶ 4; West Fraser's Consent to & Joinder in Removal ¶ 1. West Fraser is thus a citizen of Delaware and Tennessee. Defendant Automatic Data Processing is a Delaware corporation with its principal place of business in Roseland, New Jersey. *See* Ex. 1 Compl. ¶ 5; Automatic Data Processing's Consent to & Joinder in Removal ¶ 1. Automatic Data Processing is thus a citizen of Delaware and New Jersey. The citizenship of

the fictitious defendants named in the complaint have been disregarded, as prescribed in 28 U.S.C. § 1441(a).

5. The amount in controversy exceeds $75,000. Although the complaint does not demand a sum certain, it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. *Pretka v. Kolter City Plaza II*, — F.3d —, 2010 WL 2278358, *8 (11th Cir. 2010); *Williams v. Best Buy*, 269 F.3d 1316, 1319 (11th Cir. 2001). Turner's cause of action arises from an $80,000 life insurance policy on her spouse. *See* Ex. 1 Compl. ¶¶ 12–13. The first count of the complaint seeks to recover the $80,000 death benefit. *Id.* ¶¶ 19–23. Moreover, Turner's remaining counts allege various torts such as bad faith, fraud, and wantonness. *See id.* ¶¶ 19–61. For these torts, she seeks an unlimited amount of compensatory and punitive damages (*id.*), which must be added to the amount in controversy. *See Bell v. Preferred Life Assurance Soc.*, 320 U.S. 238, 240 (1943); *Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987).

6. Defendants West Fraser and Automatic Data Processing consent to and join in this notice of removal. *See* West Fraser's Consent to & Joinder in Removal; Automatic Data Processing's Consent to & Joinder in Removal.

Removal is thus unanimous among the named Defendants. *See Bailey*, 536 F.3d at 1207.

7. Because the complaint falls within this Court's diversity jurisdiction, this action has been properly removed under 28 U.S.C. § 1441(a)–(b).

8. Pursuant to 28 U.S.C. § 1446(d), MetLife has filed a copy of this notice of removal with the Clerk of the Circuit Court of Mobile County, Alabama, and served it on the Plaintiff.

MetLife prays this Court will make any and all orders necessary to effect the removal of this action from the Circuit Court of Mobile County, Alabama, and will prepare the true record of all proceedings that may have been had in the state court.

Respectfully submitted,

/s/ Robert E. Poundstone IV
Robert E. Poundstone IV (POUNR5864)
BRADLEY ARANT BOULT CUMMINGS LLP
Alabama Center for Commerce Building
401 Adams Avenue, Suite 780
Montgomery, Alabama  36104
Telephone:  (334) 956-7645
Facsimile:   (334) 956-7845
E-mail: bpoundstone@babc.com

**Attorney for Defendant**
**Metropolitan Life Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Charles A. Hicks, Esq.
>Brandy B. Hambright, Esq.
>HICKS, MATRANGA & HAMBRIGHT, LLC
>1206 Dauphin Street
>Mobile, Alabama  36604

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

>John S. Johnson, Esq.
>HAND ARENDALL, LLC
>1200 Park Place Tower
>2001 Park Place North
>Birmingham, Alabama 35203
>
>John N. Leach, Jr., Esq.
>Russell C. Buffkin, Esq.
>HELMSING, LEACH, HERLONG,
> NEWMAN & ROUSE, P.C.
>150 Government Street
>Suite 2000
>Mobile, Alabama 36602

>>/s/ Robert E. Poundstone IV
>>   OF COUNSEL