IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **SHARON TURNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| vs. | ) | **1:10-cv-344-CG-B** |
| | ) | |
| **METROPOLITAN LIFE** | ) | |
| **INSURANCE COMPANY, WEST** | ) | |
| **FRASER, INC., ADP, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### REPORT OF PARTIES' PLANNING MEETING

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the following attorneys have conferred regarding proposed deadlines in this case and submit the following joint report:

Charles Hicks:  Representing the Plaintiff, Sharon Turner.

Robert E. Poundstone, IV:  Representing the Defendant, Metropolitan Life Insurance Company ("MetLife").

John S. Johnson:  Representing the Defendant, West Fraser, Inc. ("West Fraser")

Russell C. Buffkin:  Representing Defendant, ADP, Inc. ("ADP")

The parties **do not** request a conference with the Court before entry of the scheduling order.

1. **Parties' Statements**

**Plaintiff's Narrative Statement:**

Plaintiff's claims all relate to the improper handling of employment benefits.  The allegations include that one or all of the Defendants will be ultimately responsible for a failure to properly administer a policy of life insurance that Plaintiff procured on her husband.  Plaintiff

alleges that the cost of said insurance was deducted from her paycheck and that the first indication that the policy was or had been discontinued, refused, cancelled or denied did not occur until after his death.  Defendants continued to do harm by attempting to conceal their acts up and through the date of the filing of this action.   Turner will be asking for extensive discovery under necessary court order to determine if a similar pattern and practice of these activities exists in either the ongoing conduct or policies of one or all of these Defendants against those to whom they owe a duty. Turner is seeking compensatory and punitive damages for her claims.

The testimony of any witnesses who may have been responsible for administering, handling or evaluating plaintiff's own insurance policies, payments and claim before and after the death of her husband, have information about how Plaintiff's and other similarly situated insured's policies or claims were or are administered, have information about what training and procedures were or are in place to avoid the improper administration of benefits, have information about the existence of and disposition of any and all discoverable claims or complaints similar to those encountered by the Plaintiff,  as well as all written and electronic discovery regarding the claim of Plaintiff and the names and dispositions of any discoverable similarly situated insured, copies of the policies, procedures and training manuals of all agents, officers and employees who are responsible for handling of claims of the Plaintiff and discoverable similarly situated insured.

**Defendant's Metropolitan Life Insurance Company Narrative Statement:**

MetLife's position and defenses are set forth generally in MetLife's answer. MetLife contends that it never issued any coverage on the life of Plaintiff's husband, Kenneth Turner. Plaintiff's request for Spouse Term Life coverage was declined by MetLife due to Kenneth

Turner's medical history. Accordingly, because there was no coverage, all of the Plaintiff's claims against MetLife necessarily fail. There may very well be additional defenses and/or facts which are unknown to MetLife at this time, but which MetLife will discover as its investigation into, and discovery concerning, this matter continues. MetLife reserves the right to assert and rely on such facts and defenses which are hereafter discovered through investigation and discovery.

**Defendant's West Fraser, Inc. Narrative Statement:**

West Fraser's position and defenses are pled generally in its answer. West Fraser served only as the plaintiff's employer. West Fraser did not have any insurance contract with the plaintiff and cannot be liable for breach of contract or bad faith. West Fraser did not determine whether or how much in insurance premiums to withhold from the plaintiff's pay. West Fraser also made no representations to and suppressed no material facts from the plaintiff concerning the premiums or any insurance coverage. West Fraser's actions do not constitute negligence or wantonness. West Fraser has not received the benefit of any premiums paid by the plaintiff.

**Defendant's ADP, Inc. Narrative Statement:**

ADP denies the allegations in plaintiff's First Amended Complaint and denies liability for plaintiff's alleged injuries and damage. ADP processed deductions in certain amounts from plaintiff's payroll checks as directed by others. The amounts were deducted in accordance with instructions received from others and ADP did not determine what amounts were to be deducted from plaintiff's payroll checks for insurance premiums. Plaintiff and ADP did not enter into any written or oral contracts with each other. Specifically, ADP did not enter into any insurance contracts with plaintiff and cannot be held liable for breach of contract or for bad faith. ADP made no representations to and suppressed no material facts from plaintiff concerning insurance

premiums or insurance coverage. ADP denies that it entered into any type of conspiracy. ADP did not engage in any negligence or wantonness conduct. ADP has received no benefit as a result of amounts deducted from plaintiff's payroll checks. ADP intends to rely on all available defenses applicable to each of plaintiff's claims which may become available through discovery.

    **2.**    **Trial:** This jury action should be ready for trial by June 1, 2012, and at this time is expected to take approximately five (5) days.

    **3.**    **Pretrial Conference:** The parties request a pretrial conference in May, 2012.

    **4.**    **Discovery Plan:** The parties jointly propose to the Court that discovery will be needed on the Plaintiff's claims and the Defendants' defenses. Specifically, the Plaintiff will need to conduct discovery, through written discovery and depositions, to obtain information regarding the activities described in greater detail in the Complaint. All discovery shall be commenced in time to be completed on February 1, 2012.

    **5.**    **Initial Disclosures:** The parties will exchange information required by Fed. R. Civ. P. 26(a)(1) on or before September 7, 2010.

    **6.**    **Deadline to Join Parties and/or Amend Pleadings:** The parties jointly propose that Plaintiff have until June 1, 2011, to join additional parties and amend the pleadings. Defendants will have until July 1, 2011, to file amended pleadings.

    **7.**    **Expert Reports:** Reports from experts retained under Fed. R. Civ. P. 26 (a)(2) are due:

        **From the Plaintiff:**    by November 1, 2011, with Plaintiff's experts to be deposed no later than December 1, 2011.

        **From the Defendants:**    by January 1, 2011, with Defendants' experts to be deposed no later than February 1, 2012.

8.     **Pretrial Disclosures:** Final list of witnesses and exhibits under Fed. R. Civ. P 26(a)(3) will be submitted in accordance with the Court's Final Pretrial Order.

9.     **Discovery Limits:**

(a)     **Depositions**: The parties agree to a maximum of 10 depositions for Plaintiff and ten 10 depositions for each Defendant with a maximum time limit of 7 hours per deposition, unless extended by agreement of the parties, pursuant to the standards set forth in the Federal Rules of Civil Procedure.

(b)     **Interrogatories**: The parties agree to a maximum of 40 by Plaintiff, 40 by each of the Defendant, including subparts, directed toward any other party, to be answered within 30 days of service.

(c)     **Requests for admission**: The parties agree to a maximum of 25 by Plaintiff, 25 by each Defendant, including subparts, directed toward any party, to be answered within 30 days of service.

(d)     **Requests for Production:** The parties agree to a maximum of 40 by Plaintiff, 40 by each of the Defendant, directed toward any other party, to be answered within 30 days of service.

10.    **Dispositive Motions:**  All potentially dispositive motions shall be filed no later than April 1, 2012.

11.    **Settlement/Mediation:** The parties agree that settlement cannot be evaluated prior to the completion of discovery and the time for ruling on potentially dispositive motions.

12.    **Other:**

(a)     Though the parties do not anticipate significant electronic discovery issues, the disclosure or discovery of electronically stored information (ESI) should be handled

as follows: the production of ESI should be done in .pdf format unless agreed upon otherwise by the parties.

   (b) If either party withholds information claiming a privilege or protection as trial preparation material, that party must make the claim expressly and shall describe the nature of the documents, communications or things not produced or disclosed which will enable the other party to assess the applicability of the privilege or protection.

   (c) The parties agree to implement the provisions of Rule 26(b)(5)(B) to protect any information produced in discovery that is subject to a claim of privilege or of protection as trial preparation material.

   (d) The parties expect that a protective order will be necessary to protect the disclosure of confidential, privileged, trade secret or proprietary information that should not be disclosed outside of this litigation. The parties agree to make a good faith attempt to agree to such an order before asking the Court to intervene.

  The attorneys for the parties jointly prepared this Report of the Parties' Planning Meeting.

  Respectfully submitted this the 20th day of August, 2010.

            /s/ Charles C. Hicks[1]
            CHARLES C. HICKS (HICKC____)
            BRANDY B. HAMBRIGHT (OSBOB6384)
            Attorneys for Plaintiff

---

[1] Attorney Charles C. Hicks has given his permission for his signature to be affixed to this document for filing with the Court.

OF COUNSEL:

HICKS, MATRANGA & HAMBRIGHT, LLC
1206 Dauphin Street
Mobile, AL  36604
Telephone: (251) 438-2700
Facsimile:  (251) 438-2705
Email: chazslaw66@yahoo.com
      brandy@hmhlawyers.com

        /s/   Robert E. Poundstone, IV[2]
        ROBERT E. POUNDSTONE, IV (POUNDR5864)
        Attorney for Metropolitan Life Insurance Company

OF COUNSEL:

BRADLEY ARANT BOLT & CUMMINGS, LLP
Alabama Center for Commerce Building
401 Adams Avenue, Suite
Montgomery, AL  36104
Telephone: (334) 956-7700
Facsimile:  (334) 956-7701
Email: bpoundstone@babc.com

        /s/  John S. Johnson[3]
        JOHN S. JOHNSON (JOHNJ7114)
        Attorneys for West Fraser, Inc.

OF COUNSEL:

HAND ARENDALL, LLC
1200 Park Place Tower
2001 Park Place North
Birmingham, AL  35203
Telephone: (205) 502-0140
Facsimile:  (205) 322-1163
Email: jjohnson@handarendall.com

---

[2]  Attorney Robert E. Poundstone, IV has given his permission for his signature to be affixed to this document for filing with the Court.

[3]  Attorney John S. Johnson has given his permission for his signature to be affixed to this document for filing with the Court.

/s/   Russell C. Buffkin
JOHN N. LEACH, JR. (LEACJ2634)
RUSSELL C. BUFFKIN (BUFFR6510)
Attorneys for ADP, Inc.

OF COUNSEL:

HELMSING, LEACH, HERLONG,
  NEWMAN & ROUSE
Post Office Box 2767
Mobile, AL   36652
Telephone: (251) 432-5521
Facsimile:  (251) 432-0633
Email:  jnl@helmsinglaw.com
        rcb@helmsinglaw.com