IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHARON TURNER and Fictitious Plaintiffs | * | |
| A-C being any other person or legal entity who | * | |
| or which may have a claim as set forth in | * | |
| paragraph 2 hereof, all of whose names are | * | |
| unknown but will be added by amendment | * | |
| when ascertained, separately and severally, | * | |
| | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | CASE NO.: 1:10-CV-344 |
| | * | |
| METROPOLITAN LIFE INSURANCE | * | |
| COMPANY,  WEST FRASER, INC., | * | |
| ADP, INC., and Fictitious Defendants | * | |
| A-D being those persons, firms, partnerships, | * | |
| corporations, or other legal entities who or | * | |
| which are liable to Plaintiffs as set forth in | * | |
| paragraph 6 hereof, all of whose names and | * | |
| true legal identities are unknown to Plaintiffs | * | |
| but who will be added by amendment when | * | |
| ascertained, separately and severally, | * | |
| | * | |
| Defendants. | * | |

FIRST AMENDED COMPLAINT

COME NOW Plaintiffs, Sharon Turner, et al., by and through undersigned counsel, and

file this First Amended Complaint for the purposes of correcting a service issue as to ADP, Inc.,

which was incorrectly named in the original filing of this action as Automatic Data Processing,

Inc., to include additional Counts Ten and Eleven alleging Misrepresentation by Mistake and

Unjust Enrichment respectively, to clarify certain portions of paragraph 17 and to more

accurately conform the pleading to the standards of this Honorable Court. Said First Amended

Complaint is filed as follows:

1

**PARTIES**

1.      Plaintiff Sharon Turner (hereinafter "Turner"), at all times relevant to the matters alleged herein, has been is an adult resident citizen of Mobile, Mobile County, Alabama.

2.      Fictitious Plaintiffs A-C are those persons or entities which may be entitled to or which may attempt to claim a right to the damages sought in this petition.  The names and true legal identities of Fictitious Plaintiffs A-C are unknown at this time but will be added by amendment when ascertained, separately and severally.

3.      Defendant Metropolitan Life Insurance Company (hereinafter "MetLife") is, upon information and belief, a Alabama Foreign Insurance Corporation, incorporated in New York, with its principal place of business in New York, New York.  At all times material, MetLife was doing business in Mobile County, Alabama.  Met Life has been served with process via its registered agent CT Corporation System, 2 North Jackson Street, Montgomery, Alabama 36104.

4.      Defendant West Fraser, Inc., (hereinafter "West") is, upon information and belief, a foreign corporation, incorporated in Delaware, with its principal place of business in Vancouver, British Columbia, Canada.  At all times material, West was doing business in Mobile County, Alabama.  West has been served with process via its registered agent CT Corporation System, 2 North Jackson Street, Montgomery, Alabama 36104.

5.      Defendant ADP, Inc., (hereinafter "ADP") is, upon information and belief, a foreign corporation, incorporated in Delaware, with its principal place of business in Roseland, New Jersey.  At all times material, ADP was doing business in Mobile County, Alabama. ADP shall be served with process by providing a copy of this to its attorney of record, Russell Buffkin, Esq., per agreement with counsel for Plaintiff.

2

6.      Fictitious Defendants A-D, whether singular or plural, are those persons, corporations, firms, or other entities whose wrongful conduct caused or contributed to the cause of the injuries and damage to the Plaintiffs.  The true and correct names and addresses of these Fictitious Defendants are currently unknown to the Plaintiff, but will be added by amendment when ascertained**,** separately and severally.

7.      Wherever it is alleged that a Defendant acted, it is averred that "Defendant" acted on behalf of all Defendants collectively.  In addition, the use of the word "Defendant" shall include all agents, representatives, subsidiaries, subcontractors and other persons or entities involved in any way with the contract, transactions, acts, omissions and conduct made the basis of this action.

## VENUE – JURISDICTION

8.      All or substantially all events and acts and omissions of Defendants giving rise to this action occurred in Mobile County, Alabama as Plaintiff was employed in Mobile County, Alabama and the claims made herein relate to a benefit plan that was provided to Plaintiff as an employee.

9.      This Court has jurisdiction over this action under 28 U.S.C. § 1391 (a) as the minimum amount in controversy is present, and none of the Defendants to this action are resident corporations of the State of Alabama.

## ERISA

10.      The matters complained of herein do not fall within the preemptive scope of the Employee Retirement Income Security Act ("ERISA"), as the benefit which is the subject of this suit, namely the spousal life insurance benefit as provided by MetLife, was governed by the 2008 Edition of the West Fraser, Inc.  Health and Welfare Plan as outlined in its Summary Plan

3

Description Handbook.  That handbook properly states in pertinent part that the Group Universal

Life Policy (GUL) "coverage is a voluntary benefit and is not a Company-sponsored welfare

plan subject to the Employee Retirement Income Security Act of 1974, as amended."

**FACTS**

11.     Plaintiff Sharon Turner was employed by International Paper at its Citronelle,

Alabama lumber mill when West purchased the mill in 2007.  During the sale of the mill, the

employees and Turner were offered benefits by West which included life insurance and other

items.  During the open enrollment period in November 2007, Turner opted to include spouse

life insurance in her plan.  Turner and her husband, Kenneth Turner, were given statement of

health forms to complete outlining their medical history and both Turner and her husband

completed and submitted the forms.  Turner received a Benefits Enrollment Confirmation printed

on November 20, 2007 which indicated her selection of the Spouse Life benefit with an effective

date for that benefit of January 1, 2008.  That Enrollment Confirmation also stated that the

Spouse Life option required evidence of insurability and that until approval the coverage would

be eighty thousand dollars ($80,000.00) at a pay period cost of nineteen dollars and twenty cents

($19.20).

12.     Beginning in December 2007, West, through its data processing agent, ADP,

began to deduct premiums in the amount of nineteen dollars and twenty cents ($19.20) from

Turner's biweekly paycheck for spouse life insurance.  Turner later received another Benefit

Enrollment Confirmation from the West Fraser Service Center with a print date of February 15,

2008 indicating a change in EOI status.  On this Confirmation, the Spouse Life coverage

indicated that the EOI was removed and that the coverage was now eighty thousand dollars

($80,000.00) at the cost of nineteen dollars and twenty cents ($19.20) per pay period with an effective date of January 24, 2008.

13.    West, through its agent ADP, continued to deduct premiums of the indicated amount each pay period.  Turner relied upon the Confirmations she received from West and deductions that were taken from her check by ADP as proof that she had life insurance on her spouse.

14.    Mr. Kenneth Turner died on June 2, 2008.

15.    Turner contacted MetLife on June 11, 2008 to report the death of her spouse.  At that time she was told that claim form paperwork would be sent to her at her address to complete and return.  Instead of receiving that paperwork, she received a letter dated June 24, 2008 on West Fraser letterhead informing her that she would be reimbursed any premiums that she paid for MetLife Coverage for her former spouse.  She then received a new Benefits Enrollment Confirmation of an "administrative change" with a print date of June 20, 2008 which indicated that the spouse life was now "waived" effective January 1, 2008.  On Turner's July 17, 2008 paycheck there was an adjustment credit of seventy six dollars and eighty cents ($76.80) for spouse life.  That same paycheck indicates that even after the adjustment credit, Turner had still paid premiums of one hundred thirty four and forty cents ($134.40) year to date for spouse life. Turner did not cash or deposit that paycheck.

16.    Turner, and attorneys she hired to assist her, made several contacts with MetLife asking MetLife to provide her with the forms necessary to process her claim.  She was told at different times that her claim was valid, then invalid, reported in the system, then not documented anywhere in the system.  After a certified letter was sent to MetLife requesting any and all documents contained in MetLife's files regarding Turner, she was finally provided with

5

six documents, of which document numbers one though three addressed the life insurance enrollment for herself.  Document four was purportedly a copy of Mr. Turner's Statement of Health Form and finally, documents five and six were a pair of letters which purported to indicate that on January 24, 2008 she and Mr. Turner were sent a letter denying his request for coverage due to a history of Hodgkin's disease.  According to the form document as received from Met Life, Mr. Turner had indicated on his Statement of Health Form that he had been treated for and cleared of Hodgkin's Lymphoma. Turner does not recall ever receiving documents five and six, the denial of request for coverage letters.  MetLife did not send any other documents which would indicate any investigation supporting these letters or their conclusion.

   17. As a direct and proximate result of Defendants' refusal to pay benefits owed to the Plaintiffs, Turner was forced to pay premiums and lose the interest on said premiums; Turner does not have the policies she believed she contracted and paid for with the Defendant's; Turner sustained the loss of the coverage which she relied upon and which  resulted in substantial economic hardships to her; Turner has been caused to suffer mental anguish, emotional distress, and personal hardships; and has been otherwise injured and damaged.

**COUNT ONE**
**(Breach of Contract)**

   18. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

   19. As an employee of West, Plaintiff had premiums deducted from her biweekly pay which was described in Benefit Confirmations she received and outlined in the 2008 Edition of the West Fraser, Inc. Health and Welfare Plan, Summary Plan Description Handbook as being a

6

contract for spouse life.   Based on documents provided to her, that coverage was effective

starting in January 2008.   These documents and the premiums deducted constituted a valid and

binding contract between the Defendants and the Plaintiff, or in the alternative the Plaintiff was

an intended and designated third party beneficiary of said contract.

20.      The Plaintiff performed all obligations required of her under the policy and

contract, and no defenses exist to Defendants' failure and refusal to perform under the contract as

required.

21.      Defendants have breached, and continue to breach, their contractual duties under

the policy of insurance by failing and refusing to pay benefits owed the Plaintiff.

22.      As a direct and proximate result of Defendants' breaches, Plaintiff has suffered

and continues to suffer substantial damages as previously set forth above.

**WHEREFORE**, Premises Considered, Plaintiff requests that judgment be entered

against the Defendants for compensatory and punitive damages in an amount to be determined

by struck jury, plus interest, costs, attorney fees, and such other, further, and different relief as

may be appropriate.

## COUNT TWO
### (Bad Faith)

23.      Plaintiff repeats and re-alleges each and every allegation in the preceding

paragraphs as if fully set forth herein.

24.      As an employee of West, Plaintiff had premiums deducted from her biweekly pay

which was described in Benefit Confirmations she received and outlined in the 2008 Edition of

the West Fraser, Inc. Health and Welfare Plan, Summary Plan Description Handbook as being a

contract for spouse life.   Based on documents provided to her, that coverage was effective

7

starting in January 2008.  These documents and the premiums deducted constituted a valid and

binding contract between the Defendants and the Plaintiff, or in the alternative the Plaintiff was

an intended and designated third party beneficiary of said contract.

25.     At all times relevant to the matters alleged herein, Defendants were under a duty

to use good faith in the handling of Plaintiff's claims.

26.     However, Defendants failed and refused to act in good faith, but instead breached

the contracts of insurance in bad faith, and in the absence of any legitimate or arguable reason

not to perform as required, by intentionally, willfully, and deliberately refusing to pay benefits

which the Defendants knew were owed the Plaintiff under the insurance plan under which the

Plaintiff believed her spouse was covered.

27.     As the direct and proximate result of Defendants' willful, intentional, and

deliberate bad faith conduct and refusal to pay benefits which Defendants knew were owed the

Plaintiff, Plaintiff was injured and damaged as alleged above.

**WHEREFORE**, Premises Considered, Plaintiff requests that judgment be entered

against the Defendants for compensatory and punitive damages in an amount to be determined

by struck jury, plus interest, costs, attorney fees, and such other, further, and different relief as

may be appropriate.

## COUNT THREE
### (Fraud)

28.     Plaintiff repeats and re-alleges each and every allegation in the preceding

paragraphs as if fully set forth herein.

29.     As an employee of West, Plaintiff had premiums deducted from her biweekly pay

which was described in Benefit Confirmations she received and outlined in the 2008 Edition of

8

the West Fraser, Inc. Health and Welfare Plan, Summary Plan Description Handbook as being a contract for spouse life.   Based on documents provided to her, that coverage was effective starting in January 2008. These documents and the premiums deducted constituted a valid and binding contract between the Defendants and the Plaintiff, or in the alternative the Plaintiff was an intended and designated third party beneficiary of said contract.

30.     At all times relevant hereto, Defendants continuously represented to the Plaintiff by providing her with Benefit Confirmations and deducting premiums from her pay check that Defendants would provide Plaintiff with a spouse life policies that would pay her eighty thousand dollars ($80,000.00) in benefit in the event the Plaintiff's husband death.

31.     Based upon and in reasonable reliance upon Defendants' representations regarding the spouse life policy, Plaintiff believed that Defendants would honor their commitment to the terms of the policy, to handle her claim in good faith, and to pay any benefits that might come to be due the Plaintiff.

32.     Without Plaintiff's knowledge, Defendants entered into a pattern and practice of fraudulent conduct and conspired and cooperated with one another in committing the frauds practicing on the Plaintiff, and other insureds, by denying benefits that were due to be paid.

33.     The representations made by Defendants to the Plaintiff and other insureds in order to induce them into entering into, and then maintaining, policies of insurance were false, were known by the Defendants to be false at the time they were made, and were made with the intent to lead the Plaintiff and others to rely on said misrepresentations and fraud to their detriment and to Defendants' benefit.

9

34.     As a direct and proximate result of Defendants' wrongful acts and omissions and fraudulent conduct as previously alleged herein, Plaintiff has suffered and continues to suffer substantial damages as alleged above.

**WHEREFORE**, Premises Considered, Plaintiff requests that judgment be entered against the Defendants for compensatory and punitive damages in an amount to be determined by struck jury, plus interest, costs, attorney fees, and such other, further, and different relief as may be  appropriate.

## COUNT FOUR
### (Suppression)

35.     Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

36.     As an employee of West, Plaintiff had premiums deducted from her biweekly pay which was described in Benefit Confirmations she received and outlined in the 2008 Edition of the West Fraser, Inc. Health and Welfare Plan, Summary Plan Description Handbook as being a contract for spouse life.   Based on documents provided to her, that coverage was effective starting in January 2008.  These documents and the premiums deducted constituted a valid and binding contract between the Defendants and the Plaintiff, or in the alternative the Plaintiff was an intended and designated third party beneficiary of said contract.

37.     At all times relevant hereto, the Defendants did intentionally, deliberately, and maliciously fail to disclose to the Plaintiff and similarly situated insureds that Defendants would not honor the terms of Plaintiff's policies of insurance, that the true facts would be disregarded, and that Defendants, in an attempt to improve Defendants' financial status by fraudulently avoiding paying benefits, maintained an undisclosed, secret corporate policy in place aimed at

10

postponing and denying claims and benefits regardless of whether the claims were meritorious and due to be paid.

38.     At all times relevant hereto, the Plaintiff reasonably relied on, and was deceived by, Defendants' material non-disclosures and changed her position to purchase, and then maintain, the policies of insurance at issue herein.

39.     As a direct and proximate result of Defendants' wrongful acts and omissions and fraudulent conduct as previously alleged herein, Plaintiff has suffered and continues to suffer substantial damages as alleged above.

**WHEREFORE**, Premises Considered, Plaintiff requests that judgment be entered against the Defendants for compensatory and punitive damages in an amount to be determined by struck jury, plus interest, costs, attorney fees, and such other, further, and different relief as may be appropriate.

## COUNT FIVE
### (Misrepresentation)

40.     Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

41.     As an employee of West, Plaintiff had premiums deducted from her biweekly pay which was described in Benefit Confirmations she received and outlined in the 2008 Edition of the West Fraser, Inc. Health and Welfare Plan, Summary Plan Description Handbook as being a contract for spouse life.  Based on documents provided to her, that coverage was effective starting in January 2008.  These documents and the premiums deducted constituted a valid and binding contract between the Defendants and the Plaintiff, or in the alternative the Plaintiff was an intended and designated third party beneficiary of said contract.

11

42.     Prior to, at the time of, and after the Plaintiff's policy was issued by the Defendants, Defendants did negligently, wantonly, recklessly, and/or intentionally misrepresent the material facts to the Plaintiff in order to induce her to act to her detriment and to Defendants' benefit.

43.     Plaintiff did, in fact, reasonably rely to her detriment on Plaintiff's misrepresentations and fraudulent conduct.

44.     As a direct and proximate result of Defendants' misrepresentations and fraudulent conduct as previously alleged herein, Plaintiff has suffered and continues to suffer substantial damages as alleged above.

**WHEREFORE**, Premises Considered, Plaintiff requests that judgment be entered against the Defendants for compensatory and punitive damages in an amount to be determined by struck jury, plus interest, costs, attorney fees, and such other, further, and different relief as may be appropriate.

## COUNT SIX
### (Conspiracy)

45.     Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

46.     As an employee of West, Plaintiff had premiums deducted from her biweekly pay which was described in Benefit Confirmations she received and outlined in the 2008 Edition of the West Fraser, Inc. Health and Welfare Plan, Summary Plan Description Handbook as being a contract for spouse life.  Based on documents provided to her, that coverage was effective starting in January 2008.  These documents and the premiums deducted constituted a valid and binding contract between the Defendants and the Plaintiff, or in the alternative the Plaintiff was

12

an intended and designated third party beneficiary of said contract.

47.     As previously alleged herein, Defendants conspired with one another to commit

fraud upon the Plaintiff and other similarly situated individuals by misrepresenting and

suppressing materials facts from the Plaintiff, and by wrongfully denying her claim.

48.     As a direct and proximate result of Defendants' conspiracy and fraudulent acts

and omissions previously alleged herein, Plaintiff has suffered and continues to suffer substantial

damages as alleged above.

**WHEREFORE**, Premises Considered, Plaintiff requests that judgment be entered

against the Defendants for compensatory and punitive damages in an amount to be determined

by struck jury, plus interest, costs, attorney fees, and such other, further, and different relief as

may be appropriate.

## COUNT SEVEN
**(Negligent Supervision)**

49.     Plaintiff repeats and re-alleges each and every allegation in the preceding

paragraphs as if fully set forth herein.

50.     As an employee of West, Plaintiff had premiums deducted from her biweekly pay

which was described in Benefit Confirmations she received and outlined in the 2008 Edition of

the West Fraser, Inc. Health and Welfare Plan, Summary Plan Description Handbook as being a

contract for spouse life.  Based on documents provided to her, that coverage was effective

starting in January 2008.  These documents and the premiums deducted constituted a valid and

binding contract between the Defendants and the Plaintiff, or in the alternative the Plaintiff was

an intended and designated third party beneficiary of said contract.

51.     At all times relevant to the matters alleged herein, Defendants were under a duty

13

to properly supervise the coordination of benefits and deduction of premiums from the pay of the Plaintiff and all others similarly situated.  This supervision was necessary to ensure that the policy holders were properly informed of any changes made to the policies as would be customary and required practice.

52.     Without Plaintiff's knowledge, Defendants entered into a pattern and practice of negligently supervising their employees and conspired and cooperated with one another in committing the act to the detriment of the Plaintiff, and other insureds, thereby denying benefits that Plaintiffs believed were due to be paid.

53.     Defendants unreasonably failed to train, instruct, or supervise their employees, officers or agents in the proper methods of coordination of benefits and handling of changes to the policies as would be a customary and required practice.

54.     Defendants breached their duty to properly train, instruct or supervise their employees, officers or agents and as the direct and proximate result of Defendants' negligence Plaintiff and other similarly situated individuals have suffered and continues to suffer substantial damages as alleged above.

**WHEREFORE**, Premises Considered, Plaintiff requests that judgment be entered against the Defendants for compensatory and punitive damages in an amount to be determined by struck jury, plus interest, costs, attorney fees, and such other, further, and different relief as may be appropriate.

## COUNT EIGHT
### (Simple Negligence)

55.     Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

14

56.     Defendants negligently handled the policy and claim of Plaintiff.

57.     As a direct and proximate result of said negligence of Defendants, Plaintiff has suffered and continues to suffer substantial damages as alleged above.

**WHEREFORE**, Premises Considered, Plaintiff requests that judgment be entered against the Defendants for compensatory and punitive damages in an amount to be determined by struck jury, plus interest, costs, attorney fees, and such other, further, and different relief as may be appropriate.

## COUNT NINE
### (Wantoness)

58.     Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

59.     Defendants wantonly handled the policy and claim of Plaintiff.

60.     As a direct and proximate result of Defendants' wantonness, Plaintiff has suffered and continues to suffer substantial damages as alleged above.

**WHEREFORE**, Premises Considered, Plaintiff requests that judgment be entered against the Defendants for compensatory and punitive damages in an amount to be determined by struck jury, plus interest, costs, attorney fees, and such other, further, and different relief as may be appropriate.

## COUNT TEN
### (Misrepresentation by Mistake)

61.     Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

62.     As an employee of West, Plaintiff had premiums deducted from her biweekly pay which was described in Benefit Confirmations she received and outlined in the 2008 Edition of

the West Fraser, Inc. Health and Welfare Plan, Summary Plan Description Handbook as being a contract for spouse life. Based on documents provided to her, that coverage was effective starting in January 2008. These documents and the premiums deducted constituted a valid and binding contract between the Defendants and the Plaintiff, or in the alternative the Plaintiff was an intended and designated third party beneficiary of said contract.

63.     Prior to, at the time of, and after the Plaintiff's policy was issued by the Defendants, Defendants did mistakenly misrepresent the material facts to the Plaintiff which induced her to act to her detriment and to Defendants' benefit.

64.     Plaintiff did, in fact, reasonably rely to her detriment on Plaintiff's misrepresentations.

65.     As a direct and proximate result of Defendants' misrepresentations and conduct as previously alleged herein, Plaintiff has suffered and continues to suffer substantial damages as alleged above.

**WHEREFORE**, Premises Considered, Plaintiff requests that judgment be entered against the Defendants for compensatory and punitive damages in an amount to be determined by struck jury, plus interest, costs, attorney fees, and such other, further, and different relief as may be appropriate.

## COUNT ELEVEN
### (Unjust Enrichment)

66.     Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

67.     As an employee of West, Plaintiff had premiums deducted from her biweekly pay which was described in Benefit Confirmations she received and outlined in the 2008 Edition of

16

the West Fraser, Inc. Health and Welfare Plan, Summary Plan Description Handbook as being a contract for spouse life.  Based on documents provided to her, that coverage was effective starting in January 2008.  These documents and the premiums deducted constituted a valid and binding contract between the Defendants and the Plaintiff, or in the alternative the Plaintiff was an intended and designated third party beneficiary of said contract.

68.     The Plaintiff performed all obligations required of her under the policy and contract, and no defenses exist to Defendants' failure and refusal to perform under the contract as required.

69.     Defendants have been enriched by the actions of Plaintiff in that Plaintiff has paid premiums to Defendants as obligated under the policy and has and will receive no benefit for said premiums as Defendants have breached, and continue to breach, their contractual duties under the policy of insurance by failing and refusing to pay benefits owed the Plaintiff.

70.     As a direct and proximate result of Defendants' breaches, Plaintiff has suffered and continues to suffer substantial damages as previously set forth above.

**WHEREFORE**, Premises Considered, Plaintiff requests that judgment be entered against the Defendants for compensatory and punitive damages in an amount to be determined by struck jury, plus interest, costs, attorney fees, and such other, further, and different relief as may be appropriate.

Respectfully submitted,

/s/ Brandy B. Hambright
Brandy B. Hambright (OSBOB 6384)
Charles A. Hicks (HICKC 7684)
Attorney for Plaintiffs

Of Counsel:
Hicks, Matranga & Hambright, LLC.
1206 Dauphin Street

17

Mobile, AL. 36604
(251) 438-2700

**JURY TRIAL REQUESTED**

<u>CERTIFICATE OF SERVICE</u>

I, Charles A. Hicks, do hereby certify that I have caused to be served via e-mail and US Mail a true and correct copy of the foregoing on this the 10 day of August, 2010 to:


*Attorneys for ADP, Inc.*
John N. Leach, Jr., Esq.
Russell C. Buffkin, Esq.
HELMSING, LEACH, HERLONG
  NEWMAN & ROUSE, P.C.
150 Government Street
Suite 2000
Mobile, Alabama 36602

*Attorneys for West Fraser, Inc.*
John S. Johnson, Esq.
HAND ARENDALL, LLC
1200 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203

John Kirk, Esq.
BASS, BERRY & SIMS, PLC
150 Third Avenue South
Suite 2800
Nashville, Tennessee 37201

*Attorneys for Metropolitan Life Insurance Company*
Robert E. Poundstone, IV
BRADLEY ARANT BOULT
  CUMMINGS LLP
Alabama Center for Commerce Building
401 Adams Avenue, Suite 780
Montgomery, Alabama 36104


                                        /s/ Brandy B. Hambright
                                        Brandy B. Hambright


18